IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOSES PHILLIPS, #M05907, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-00136-SMY |
| | ) |
| IDOC DIRECTOR JOHN/JANE DOE 1, | ) |
| ACTING DIRECTOR LATOYA HUGHES, | ) |
| WARDEN ANTHONY WILLS, | ) |
| LIEUTENANT SULSER, | ) |
| MAJOR, | ) |
| LIEUTENANT JOHN/JANE DOE 2, | ) |
| SERGEANT JONES, | ) |
| SERGEANT JOHN/JANE DOE 3, | ) |
| C/O Q. BAKER, | ) |
| C/O EHLER, | ) |
| C/O GARCIA, | ) |
| C/O ASHBAUGH, | ) |
| and SERGEANT McDONALD, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Moses Phillips, an inmate in the custody of the Illinois Department of Corrections (IDOC), filed this lawsuit pursuant to 42 U.S.C. § 1983 for miscellaneous constitutional deprivations at Menard Correctional Center in 2024. (Doc. 1). The Court denied Plaintiff leave to proceed *in forma pauperis*, and he paid the $405.00 filing fee for this action on March 20, 2025. (Doc. 9). The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *See* 28 U.S.C. § 1915A(a)-(b).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-18): Plaintiff experienced a "domino effect" of staff retaliation after two officers used excessive force against him in Menard's North 2 Housing Unit and then tried to cover up their misconduct. *Id*.

On August 19, 2024, C/O Ashbaugh observed Plaintiff's mirror sticking out of his cell and ordered him to pull it back inside. *Id*. at 4. Plaintiff immediately did so. The officer then noticed Plaintiff standing near his cell door and asked, "Why are you just standing there? Go sit your ass down somewhere before I spray you." *Id*. Plaintiff responded by asking, "Spray me for what? I'm in my cell minding my business, you can't spray me!" *Id*. C/O Ashbaugh became belligerent and began yelling epithets. *Id*. at 5. Plaintiff then said, "You need to get your drunk ass away from my cell! You stink, you smell like nothing but alcohol!" *Id*. Plaintiff took a step back as he noticed the officer become visibly angry and pull out a can of OC pepper spray. When Plaintiff asked to speak with a sergeant or lieutenant, C/O Ashbaugh sprayed him with a burst of pepper spray, causing Plaintiff to fall and bump his head on the wall while simultaneously banging his knee on the toilet. Plaintiff made his way to the sink and began washing pepper spray from his eyes. While he did so, Plaintiff heard C/O Ashbaugh make a call over his radio.

A second male officer joined C/O Ashbaugh and ordered Plaintiff to "[t]urn around now, step to the front of the cell and cuff up!" *Id*. at 5. As Plaintiff did so, he received another burst of spray to his face. He turned back toward the sink and again attempted to rinse the pepper spray from his eyes, while repeating his request for a sergeant or lieutenant. The same voice said, "I am a lieutenant, now turn around, get you[r] ass up here, and cuff up!" *Id*. Plaintiff made his way toward the front of the cell and observed Sergeant McDonald spray him with "copious amounts" of pepper spray before cuffing him. Sergeant McDonald was the same officer who claimed to be

a lieutenant while using pepper spray on Plaintiff.

To cover up their unprofessional conduct, C/O Ashbaugh and Sergeant McDonald issued Plaintiff a disciplinary ticket for incidents that never occurred. *Id*. at 6. Plaintiff was taken to Menard's North 2 restrictive housing unit and placed behind a steel door. He remained there until his family contacted the prison and expressed concern for his safety.

Plaintiff was then moved to a cell without working lights. He had to strain his eyes to see and read. He complained about these living conditions to C/O Baker, C/O Ehler, C/O Garcia, and C/O John/Jane Doe. First shift officers informed him that a work order was submitted for repair of the lights. Plaintiff complained about the inadequate lighting again a few weeks later to C/O Baker, who indicated that Sergeant Jones said the lights will "eventually" be fixed and Plaintiff could not move. *Id*. When Plaintiff later complained to second and third shift officers, C/O Garcia and another officer told him that they were aware of the issue and instructed him to file a grievance.

Plaintiff filed a grievance on September 3, 2024, an emergency grievance on October 15, 2024, a letter directly to Warden Wills, and a second emergency grievance on November 12, 2024. He finally received a response denying his grievance(s) on November 14, 2024. *Id*. at 7-10. The issue was not resolved for 3 months. *Id.* at 7. During this time, Plaintiff had to strain his eyes to see, and the "medical staff" failed to treat him for his headaches and blurred vision.

On November 15, 2024, "officers assigned to Internal Affairs" fabricated another disciplinary ticket against him for alleged misconduct during a video visit on October 18, 2024. *Id*. at 7-8. He was found guilty of several drug-related rule violations and punished with 6 months in restrictive housing. *Id*. at 8-9. Plaintiff suffered mental and emotional injuries from these constitutional deprivations. *Id*. at 9.

**Preliminary Dismissals**

Plaintiff mentions the following individuals in the statement of his claim but does not identify them as defendants in the Complaint: C/O John/Jane Doe, "officers assigned to Internal Affairs," and "medical staff." The Court will not treat these individuals as defendants, and all claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

Plaintiff identifies the following Defendants in the Complaint but makes no allegations against them: IDOC Director John/Jane Doe 1, Acting Director Latoya Hughes, Lieutenant Sulser, Major, Lieutenant John/Jane Doe 2, and Sergeant John/Jane Doe 3. When a plaintiff fails to include the name of a defendant in his statement of claim or make any allegations against them, that defendant cannot be said to have notice of which claims, if any, are directed against them. FED. R. CIV. P. 8(a)(2); *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, these defendants will be dismissed from this action without prejudice.

**Discussion**

Based on the allegations, the Court designates the following claims in the Complaint:

Count 1:    Eighth Amendment claim against C/O Ashbaugh and Sergeant McDonald for using excessive force against Plaintiff when they sprayed him with pepper spray on or around August 19, 2024.

Count 2:    Eighth Amendment claim against Unidentified Defendants for moving Plaintiff to Menard's North 2 Housing Unit and placing him behind a steel door until his family complained on or around August 19, 2024.

Count 3:    Eighth Amendment claim against Defendants C/O Baker, C/O Ehler, C/O Garcia, and Sergeant Jones for housing Plaintiff in a cell without adequate lighting for 3 months, even after he reported difficulty seeing, eye strain, blurred vision, and headaches in 2024.

Count 4:    Eighth Amendment claim against Warden Wills and subordinate "medical staff" for denying Plaintiff medical care for his headaches, eye strain, and blurred vision in 2024.

> Count 5: Fourteenth Amendment claim against C/O Ashbaugh, Sergeant McDonald, and Internal Affairs Officers for depriving Plaintiff of a protected liberty interest without due process of law by issuing him false disciplinary tickets on August 19, 2024 and November 15, 2024.
>
> Count 6: First Amendment claim against Defendants for retaliating against Plaintiff to cover up their misconduct.

Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Count 1

The Eighth Amendment prohibits cruel and unusual punishment of convicted persons, including the use of unauthorized or excessive force. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). An inmate bringing an excessive force claim must plead facts suggesting that each defendant applied force "maliciously and sadistically" and not as part of a "good-faith effort to maintain or restore discipline." *Id*. at 40 (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Here, Plaintiff's allegations of being sprayed with "copious amounts" of pepper spray while following the officers' orders articulate a claim of excessive force against C/O Ashbaugh and Sergeant McDonald. Count 1 survives screening against both individuals.

### Counts 2, 3, and 4

An Eighth Amendment claim for unconstitutional conditions of confinement arises when a defendant responds with deliberate indifference to a substantial risk of harm to a plaintiff's health or safety posed by his living conditions. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). This requires allegations that the defendant deprived the inmate of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016).

In connection with Count 2, Plaintiff identifies no defendants who were involved in the decision to place him behind a steel door or keep him there. He does not indicate how long he remained there and discloses no injuries that resulted. As such, Count 2 fails to state a claim for relief against any defendant and will be dismissed without prejudice.

As for Count 3, Plaintiff claims that he was forced to live in a cell with no lights for 3 months, resulting in eye strain, blurred vision, and headaches. He alleges that he repeatedly complained to C/O Baker, C/O Ehler, C/O Garcia, and Sergeant Jones, and they disregarded his complaints of inadequate lighting and symptoms of pain and vision loss. Based on these allegations, Count 3 will proceed against all four individual defendants.

In connection with Count 4, Plaintiff alleges that he was denied medical care for his headaches, eye strain, and blurry vision by "medical staff" and the warden. However, he does not name "medical staff" as a defendant or identify any specific person who denied him medical care. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *See Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Thus, Plaintiff cannot pursue this claim against the warden simply because the warden supervised the alleged wrongdoers. Count 4 will be dismissed without prejudice for failure to state a claim against the "medical staff" and warden.

**Count 5**

The Fourteenth Amendment guards against deprivations of "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). To state a due process claim in the prison disciplinary context, Plaintiff must plead facts demonstrating (1) the existence of a constitutionally protected liberty interest that triggers the right to due process of law; and (2) deficient procedures in the disciplinary proceedings. *Lisle v. Welborn*, 933 F.3d 705, 720

(2019). Here, Plaintiff refers to disciplinary tickets he received on August 19, 2024 and November 15, 2024.

Plaintiff provides no information about the ticket issued on or around August 19, 2024; he merely alleges that it was false. There is no information as to what charges were listed, whether there was a hearing, who presided over the hearing, what findings were made, and/or what punishment he received. As such, Plaintiff's allegations fail to state a claim with respect to this ticket.

Likewise, Plaintiff fails to state a colorable claim with respect to the ticket issued November 15, 2024. He identifies only non-parties in connection with this ticket, *i.e.*, "officers assigned to Internal Affairs." He discloses no due process violations and describes no unconstitutional conditions of confinement that he endured during his punishment with segregation for the second ticket. Therefore, his allegations fail to state a claim for the second ticket.

Count 5 will be dismissed without prejudice for failure to state a claim for relief.

### Count 6

To plead a First Amendment retaliation claim, a plaintiff must allege that: (1) he engaged in constitutionally protected speech; (2) he suffered a deprivation that will likely deter the protected speech; and (3) the protected speech was a motivating factor in the defendant's actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). Plaintiff alleges that Defendants retaliated against him to cover up their own misconduct. This is insufficient to support a claim of retaliation. There are no allegations suggesting that Plaintiff's engaged on constitutional protected activity that will be deterred by the defendant's action. Therefore, Count 6 fails to state a claim for relief and will be dismissed without prejudice.

### Disposition

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A, as follows:

- **COUNT 1** will proceed against Defendants **C/O ASHBAUGH** and **SERGEANT McDONALD**;

- **COUNT 3** will proceed against Defendants **C/O Q. BAKER, C/O EHLER, C/O GARCIA,** and **SERGEANT JONES**.

**ALL OTHER CLAIMS** (Counts 2, 4, 5, and 6) and **DEFENDANTS** (IDOC Director John/Jane Doe 1, Acting Director Latoya Hughes, Warden Anthony Wills, Lieutenant Sulser, Major, Lieutenant John/Jane Doe 2, and Sergeant John/Jane Doe 3) are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

The Clerk shall prepare for Defendants **C/O ASHBAUGH, SERGEANT McDONALD, C/O Q. BAKER, C/O EHLER, C/O GARCIA,** and **SERGEANT JONES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to**

**Administrative Order No. 244 and SDIL-LR 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk of Court is DIRECTED to TERMINATE Defendants IDOC Director John/Jane Doe 1, Acting Director Latoya Hughes, Warden Anthony Wills, Lieutenant Sulser, Major, Lieutenant John/Jane Doe 2, and Sergeant John/Jane Doe 3 as parties in CM/ECF.**

**IT IS SO ORDERED.**

DATED:   June 9, 2025                          *s/ Staci M. Yandle*
                                                STACI M. YANDLE
                                                United States District Judge

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.