**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MOSES PHILLIPS, #M05907, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-cv-00136-SMY |
| | ) | |
| ANTHONY JONES, | ) | |
| QUINN BAKER, | ) | |
| JEFFREY EHLERS, | ) | |
| BRENDAN GARCIA, | ) | |
| DARREN ASHBAUGH, | ) | |
| and GEDDY McDONALD, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiff Moses Phillips filed this action against Defendants Darren Ashbaugh, Geddy McDonald, Anthony Jones, Quinn Baker, Jeffrey Ehlers, and Brendan Garcia under 42 U.S.C. § 1983 for their alleged violations of his rights under the Eighth Amendment. (Doc. 1). Defendants Ashbaugh and McDonald now seek summary judgment on an excessive force claim in Count 1, and Defendants Jones, Baker, Ehler, and Garcia seek summary judgment on an unconstitutional conditions-of-confinement claim in Count 2. (Doc. 31).

Defendants assert that Plaintiff failed to exhaust his administrative remedies before bringing suit as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *Id*. Plaintiff opposes the motion. (Doc. 33). For the following reasons, Defendants' motion for summary judgment is **GRANTED**.

### BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983 for constitutional deprivations arising

from the alleged use of excessive force against him and for his placement in a cell with allegedly inadequate lighting at Menard Correctional Center. (Doc. 1, pp. 1-18). Plaintiff alleges that C/O Ashbaugh observed a mirror sticking out of Plaintiff's cell and ordered him to return it to the cell on August 19, 2024. *Id*. at 4. Plaintiff did so immediately. The officer then began yelling. When Plaintiff asked to speak with a sergeant or lieutenant, C/O Ashbaugh sprayed him with a burst of pepper spray. *Id*. at 5. Plaintiff fell, bumped his head, and banged up his knee. Sergeant McDonald then joined C/O Ashbaugh and ordered Plaintiff to step to the front of his cell and cuff up. As Plaintiff did so, Sergeant McDonald doused him with more pepper spray. To cover up their misconduct, C/O Ashbaugh and Sergeant McDonald issued Plaintiff a disciplinary ticket for the incident. *Id*. at 6.

Sometime later, Plaintiff was moved to a cell without working lights and suffered from eye strain, blurry vision, and headaches. He initially complained about it to C/O Baker, C/O Ehler, and C/O Garcia. A few weeks later, he reported the issue again, and C/O Baker indicated that Sergeant Jones confirmed the lights would be repaired "eventually." *Id*. When Plaintiff complained a third time, C/O Garcia told him to file a grievance.

Plaintiff filed a grievance on September 3, 2024, an emergency grievance on October 15, 2024, a letter with Warden Wills thereafter, and an emergency grievance on November 12, 2024. His grievance was denied on November 14, 2024. *Id*. at 7-10. The lighting issue was not resolved for three months. *Id*. at 7.

The following two claims asserted in the Complaint survived screening under 28 U.S.C. § 1915A:

Count 1:    Eighth Amendment claim against C/O Ashbaugh and Sergeant McDonald for using excessive force against Plaintiff when they sprayed him with pepper spray on or around August 19, 2024.

Count 3:    Eighth Amendment claim against C/O Baker, C/O Ehler, C/O Garcia, and Sergeant Jones for housing Plaintiff in a cell with poor lighting for three months in 2024, after reporting eye strain, blurry vision, and headaches.

(Doc. 13).  All other claims (Counts 2, 4, 5, and 6) and defendants were dismissed.  *Id.*  In their Answer, Defendants assert an affirmative defense based on Plaintiff's failure to exhaust administrative remedies before filing this lawsuit.  (Doc. 26).

<u>MOTION FOR SUMMARY JUDGMENT</u>

Defendants move for summary judgment based on Plaintiff's failure to exhaust his administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a).  (Doc. 31).  With respect to Count 1, Defendants contend that Plaintiff filed no grievances complaining about C/O Ashbaugh and Sergeant McDonald's alleged use of excessive force against him on August 19, 2024.  Instead, he filed three grievances challenging the disciplinary ticket they issued him after the incident, and the Administrative Review Board (ARB) did not receive any appeals.  Regarding Count 2, Defendants assert that Plaintiff's grievances about his living conditions do not refer to inadequate lighting and/or Defendants Baker, Ehler, Garcia, and Jones.  *Id.*

Plaintiff maintains that he filed numerous grievances at each level of the grievance process, but he never received a court notice confirming his exhaustion of administrative remedies for each claim.  (Doc. 33, p. 1).  He provided copies of incident reports and grievances filed in connection with the incident on August 19, 2024 (Count 1).  *Id.* at 1-34.  However, he provided no incident reports or grievances pertaining to his cell lighting claim (Count 2).  *Id.*  He also claims the facility has a history of interfering with mail, and he seeks permission to add a mail interference claim to this lawsuit.  *Id.* at 3.

<u>FINDINGS OF FACT</u>

For purposes of the pending motion, the following material facts are considered undisputed (*see* Docs. 31 and 33): Plaintiff had access to the grievance process at Menard Correctional Center

and could file a grievance regardless of where he was housed.  (Def. FOF[1] 8).  Plaintiff's grievance records show that he submitted three grievances stemming from the alleged excessive force incident on August 19, 2024: (1) Facility Grievance #K4-0924-4504; (2) Facility Grievance #K4-0924-4656; and (3) Facility Grievance #K4-0924-4537.  (Def. FOF 1-4).  All three grievances challenged the disciplinary report he received on that date.  *Id*.  The ARB has no record of any appeals.  *Id*.

Plaintiff also filed two grievances pertaining to unconstitutional living conditions: (1) Facility Grievance #K4-1124-5921; and (2) Facility Grievance #K5-0225-1126.  (Def. FOF 5-7).  One grievance addressed inadequate cell lighting, and he appealed it to the ARB.  The other grievance did not address this issue.  Plaintiff did not mention the defendants in his grievances.  *Id*.  Each grievance is summarized below.

### Grievance 1: #K4-0924-4504

Facility Grievance #K4-0924-4504 challenged the disciplinary ticket Plaintiff received following the incident on August 19, 2024.  (Def. FOF 2).  He mentioned C/O Ashbaugh and Sergeant McDonald, and categorically denied the allegations brought against him.  Plaintiff noted numerous procedural and factual errors in the ticket.  He sought dismissal of the ticket, release from segregation, and a prison transfer.  Plaintiff did not complain of excessive force by either defendant or any other misconduct by them.  Facility Grievance #K4-0924-4504 was denied at the institution, and the ARB has no record of his appeal.  *Id*.

### Grievance 2: #K4-0924-4656

Facility Grievance #K4-0924-4656 also challenged the disciplinary ticket that Plaintiff received following the incident on August 19, 2024.  (Def. FOF 3).  Plaintiff mentioned

---

[1] "Def. FOF" refers to Defendants' Proposed Findings of Undisputed Facts.

C/O Ashbaugh and Sergeant McDonald in this grievance. *Id*. He did not assert that either defendant used excessive force against him. *Id*. Facility Grievance # K4-0924-4656 was denied at the institution, and the ARB has no record of his appeal. *Id*.

### Grievance 3: #K4-0924-4537

Facility Grievance #K4-0924-4537 challenged the disciplinary ticket that Plaintiff received after the incident on August 19, 2024. (Def. FOF 4). Plaintiff mentioned C/O Ashbaugh and Sergeant McDonald, but not their use of pepper spray against him. He focused on procedural and factual errors contained in the disciplinary report. He requested dismissal of the ticket, release from segregation, and an immediate transfer. Facility Grievance # K4-0924-4537 was denied at the institution, and the ARB has no record of his appeal. *Id*.

### Grievance 4: #K4-1124-5921

Facility Grievance #K4-1124-5921 complained of issues with the lighting in Plaintiff's cell. (Def. FOF 6). This grievance did not mention the name of any staff member. *Id*. The ARB received the grievance on December 11, 2024, and denied it for failure to attach the facility's response. *Id*.

### Grievance 5: #K5-0225-1126

Facility Grievance #K5-0225-1126 refers to issues in restrictive housing. (Def. FOF 7). Plaintiff complained about his cold and dirty cell, but not inadequate cell lighting. *Id*. He did not mention the names of any staff member. *Id*. The ARB received the grievance on or around May 27, 2025. *Id*.

### LEGAL STANDARDS

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*,

5

477 U.S. 317, 322 (1986). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party, *i.e.*, the prisoner. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). The district court's role on summary judgment is generally not to weigh evidence or judge witness credibility.

The district court's approach to factual disputes is different when presented with a motion for summary judgment on the issue of exhaustion. In *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), the Seventh Circuit instructed district courts to conduct an evidentiary hearing to resolve contested issues of fact concerning exhaustion. More recently, the Supreme Court partially overruled *Pavey* in *Perttu v. Richards*, 605 U.S. 460, 464 (June 18, 2025), when it held that exhaustion disputes must be reserved for a jury if contested facts on exhaustion are intertwined with factual disputes on the merits of a claim. Thus, when the district court is presented with a motion for summary judgment on exhaustion with material facts in dispute, it must consider whether intertwinement between exhaustion and the merits requires a jury trial. Here, there is no intertwinement requiring a jury trial[2] and no material factual disputes requiring a *Pavey* hearing. *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

The PLRA, 42 U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before bringing a suit in federal court about the conditions of his confinement. *Pavey*, 544 F.3d at 740. To properly exhaust, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. "The exhaustion requirement is an

---

[2] Unlike *Perttu*, the material facts surrounding exhaustion are not in dispute. There is also no intertwinement between the facts underlying exhaustion and the merits of the claims. This case involves an Eighth Amendment excessive force claim and an Eighth Amendment conditions-of-confinement claim. Because the questions on exhaustion can be resolved without addressing the questions on the merits, *Perttu* poses no barrier to resolution of the pending motion.

affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011); *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

The Illinois Administrative Code sets forth the grievance process that applies to an inmate in the custody of the Illinois Department of Corrections. 20 ILL. ADMIN. CODE § 504.800, *et seq.* (2017). The inmate must file his grievance with a counselor within 60 days of the incident, occurrence, or problem giving rise to the grievance. 20 ILL. ADMIN. CODE § 504.810(a). The grievance must contain factual details about each aspect of the inmate's complaint. 20 ILL. ADMIN. CODE § 504.810(c). If the grievance is not resolved informally through the counselor, the grievance must be submitted in writing to a grievance officer, who reports his or her findings and recommendations in writing to the Chief Administrative Officer (CAO/warden) within 2 months after receiving the written grievance, when reasonably feasible. 20 ILL. ADMIN. CODE § 504.830(e). The CAO then provides the inmate with a written decision on the grievance. *Id.* If the inmate is not satisfied with the CAO's response, he files an appeal with the IDOC Director through the Administrative Review Board (ARB) within 30 days of the CAO's decision. 20 ILL. ADMIN. CODE § 504.850(a). The inmate must attach copies of responses from the grievance officer and CAO to his appeal. *Id.* The ARB then considers the matter and submits a written report of its findings and recommendations to the Director, who makes a final determination within 6 months of receipt of the matter, when reasonably feasible. 20 ILL. ADMIN. CODE §§ 504.850(d), (e).

If he faces an emergency, an inmate can use an alternative procedure to file his grievance by submitting the emergency grievance directly to the CAO. 20 ILL. ADMIN. CODE § 504.840. If the warden deems the grievance an emergency, it is expedited for processing in whatever manner the warden specifies. *Id.* If the CAO determines that it does not describe an emergency, the

grievance is denied as a non-emergency and must be resubmitted in accordance with the standard grievance procedure outlined above.  20 ILL. ADMIN. CODE § 504.840(c).

## DISCUSSION

With respect to summary judgment, Rule 56 requires a party "asserting that a fact cannot be or is genuinely disputed" to "cit[e] to particular parts of materials in the record."  FED. R. CIV. P. 56(c)(1)(A).  These materials include, but are not limited to, depositions, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, documents, or electronically stored information.  *Id*.  Moreover, the Initial Scheduling Order provides that "material facts set forth in a memorandum or brief in support of or in opposition to summary judgment must be followed by specific citations to the record, including page numbers . . . and [t]he Court will disregard any asserted fact that is not supported with a citation to the record.  (Doc. 27, p. 5).

Here, Defendants proffer eight proposed undisputed facts (Def. FOF 1-8), and Plaintiff challenged none of them directly or indirectly with citations to the record as required by the Initial Scheduling Order (Doc. 33).  Plaintiff presented no other material facts that contradict Defendants' facts or include citations to the record.  As such, the Court deems Defendants' proposed material facts undisputed for purposes of the pending motion.

### Count 1

Based on the undisputed material facts, Defendants are entitled to summary judgment on the Eighth Amendment excessive force claim in Count 1 against Defendants Ashbaugh and McDonald.  Plaintiff was aware of the grievance process and admits using it regularly to address issues arising from his incarceration.  Even so, he did not exhaust his available remedies for this claim by filing a grievance at each step of the grievance process.

Plaintiff filed three grievances about the incident that occurred on August 19, 2024: (1) Facility Grievance #K4-0924-4504; (2) Facility Grievance #K4-0924-4656; and (3) Facility Grievance #K4-0924-4537.  (Def. FOF 1-4).  All three grievances challenge the disciplinary ticket Defendants Ashbaugh and McDonald wrote Plaintiff after the incident.  His complaints stem from factual and procedural errors in the tickets.  None of the grievances complain about Defendants Ashbaugh and/or McDonald's use of unauthorized force against him.  Thus, the grievances do not "contain factual details about each aspect of the inmate's complaint" of excessive force, as required under 20 ILL. ADMIN. CODE § 504.810(c).

Additionally, to properly exhaust his remedies for this claim, Plaintiff was required to file his "complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  Therefore, after filing his grievance at the institutional level, the grievance process required him to file an appeal with the IDOC Director through the ARB within 30 days of the CAO's decision, if he was not satisfied with the CAO's response.  20 ILL. ADMIN. CODE § 504.850(a).  The ARB was then responsible for considering the matter and submitting a written report of its findings and recommendations to the Director, who would make a final determination within 6 months.  20 ILL. ADMIN. CODE §§ 504.850(d), (e).

Plaintiff's ARB records include no appeal for Grievance #K4-0924-4504, Grievance #K4-0924-4656, or Grievance #K4-0924-4537.  A prisoner who does not properly take each step within the administrative process fails to exhaust state remedies.  *See Pozo*, 286 F.3d at 1024.  Because Plaintiff failed to complete each step of the available grievance process, Defendants are entitled to summary judgment on Count 1.

**Count 2**

Defendants Baker, Ehlers, Garcia, and Jones are also entitled to summary judgment on the Eighth Amendment conditions-of-confinement claim in Count 2. Plaintiff's grievance records include two grievances arising from his cell conditions: (1) Facility Grievance #K4-1124-5921; and (2) Facility Grievance #K5-0225-1126. (Def. FOF 5-7). Grievance #K4-1124-5921 addresses issues with the cell lighting but does not mention the names of these defendants. (Def. FOF 6). Grievance #K5-0225-1126 addresses issues in restrictive housing, including a cold and dirty cell, but not inadequate cell lighting. (Def. FOF 7). Plaintiff also failed to mention the names of the defendants in this grievance. *Id*. In his Response (Doc. 33), Plaintiff offered no incident reports, grievances, or other evidence to demonstrate any efforts to exhaust his remedies for his cell lighting claim.

The Illinois Administrative Code requires a grievance to set forth factual details about each aspect of the offender's complaint. 20 ILL. ADMIN. CODE § 504.810(c). This includes a description of what happened, when it happened, where it occurred, and who is the subject or otherwise involved in the complaint. *Id.* The offender must include the name of the individual(s) involved, if available, or as much descriptive information as possible for the individual(s) involved, if a name is not available. *Id.*

Plaintiff failed to describe his cell lighting complaint in one grievance, so he did not exhaust his remedies for this claim based on this grievance. *See Jackson v. Esser*, 105 F.4th 948, 959 (7th Cir. 2024) (holding that an inmate failed to exhaust his administrative remedies for a claim about incapacitating agents in his cell when his grievance only complained about the lack of running water). He also failed to identify the defendants in both grievances addressing his living conditions. Although the Seventh Circuit Court of Appeals does not demand strict compliance

10

with the IDOC's requirement that all defendants be named in a grievance, inmates must provide enough information to put the prison on notice of which prison officials were involved. *See id.* (grievance identifying one defendant is not sufficient to exhaust as to other defendants not listed in the grievance).

Plaintiff offers several arguments in opposition to summary judgment that are unavailing. He claims he generally made attempts to exhaust his administrative remedies at every level, but the Court never confirmed that his claims were exhausted. The IDOC grievance process and governing law do not require the Court to confirm exhaustion. Plaintiff also provided documents purportedly showing his efforts to exhaust his grievances about the incident on August 19, 2024, but these documents mirror those offered by Defendants and addressed above. They do not support a finding that Plaintiff exhausted his remedies or was unable to do so for reasons beyond his control. Finally, Plaintiff claims the prison interfered with his mail, and seeks to add a mail interference claim to this case. However, he did not seek leave to amend the Complaint before or after the deadline in the Initial Scheduling Order (Doc. 27). Plaintiff's belated request for leave to amend is denied.

**DISPOSITION**

For the foregoing reasons, the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed Darren Ashbaugh, Geddy McDonald, Anthony Jones, Quinn Baker, Jeffrey Ehlers, and Brendan Garcia (Doc. 31) is **GRANTED**. **COUNT 1** against **DARREN ASHBAUGH** and **GEDDY McDONALD** and **COUNT 2** against **ANTHONY JONES, QUINN BAKER, JEFFREY EHLERS,** and **BRENDAN GARCIA** are **GRANTED. COUNTS 1** and **2** are **DISMISSED** without prejudice based on Plaintiff's failure to exhaust

11

administrative remedies for each claim. As no claims remain, the entire action is **DISMISSED** without prejudice.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, he may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  July 7, 2026**

_____
**STACI M. YANDLE**
**Chief U.S. District Judge**

12